Filed 5/10/23  P. v. Bolden CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061114 |
| v. | (Super. Ct. No. 06WF0473) |
| FREDERICK RANNEL BOLDEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Aaron Spolin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Christine L. Bergman and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Appellant Frederick Rannell Bolden appeals a denial of his postjudgment motion for a hearing, pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), to preserve youth-related evidence that will be relevant to any parole hearing he receives in the future. Bolden was 23 years old when he committed the crimes central to this appeal and, because of earlier convictions, was sentenced pursuant to the Three Strikes Law.

Although the trial court correctly concluded a "third strike" offender is ineligible for the sought hearing pursuant to Penal Code section 3051 (all further undesignated statutory references are to this code), the Attorney General agrees with Bolden on appeal that youthful offenders ineligible under that section should nevertheless be entitled to a proceeding to preserve evidence for a future parole hearing, pursuant to a related legislative provision, section 4801, subdivision (c). We agree, reverse the denial order, and remand the matter with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

The details of Bolden's convictions underlying this case were discussed in our earlier opinion affirming them. (*People v. Bolden* (Dec. 18, 2008, G038374 [nonpub. opn.].) An automobile was stolen and used in an attempted bank robbery that concluded in a police chase apprehending the vehicle's occupants, which included then 23-year-old Bolden. In 2006, a jury convicted Bolden of conspiring to commit robbery, unlawfully taking a vehicle, street terrorism, and felony evading. (Penal Code, §§ 182, subd. (a)(1), 186.22, subd. (a), 211, 212; Vehicle Code, §§ 2800.2, 10851, subd. (a).) Because of prior convictions, the trial court sentenced him to 25 years to life in prison, pursuant to the Three Strikes Law. (§§ 667, subd. (c), 1170.12.)

2

Subsequently, in 2013, "the Legislature enacted section 3051, which authorizes a [youth offender parole hearing] for defendants who were 25 years of age or younger at the time of their controlling offense." (*People v. Delgado* (2022) 78 Cal.App.5th 95, 100 (*Delgado*); § 3051, subd. (a)(2)(B) ["'Controlling offense' means the offense or enhancement for which any sentencing court imposed the longest term of imprisonment"].) Through the same legislative bill, "[l]ike section 3051, section 4801, subdivision (c) was enacted . . . as part of the Legislature's effort to bring California law into conformity with Supreme Court precedent respecting juvenile sentencing. [Citation.]" (*Delgado, supra*, 78 Cal.App.5th at p.103; see Stats.2013, ch. 312, §§ 4 & 5 [Senate Bill No. 260 adding section 3051 and amending section 4801].)[1]

In 2016, the California Supreme Court issued its opinion in *Franklin* holding that the enactments of sections 3051 and 4801, subdivision (c), mooted a contention that a 50 to life sentence for homicide violated the Eighth Amendment's prohibition of a life-without-parole sentence for a youthful offender. (*Franklin, supra*, 63 Cal.4th at pp. 279-280.) Shortly after, the high court held a "*Franklin* proceeding" should be made available to all eligible youthful offenders to provide "'an opportunity for the parties to make an accurate record of the juvenile offender's characteristics and circumstances at the time of the offense so that the [parole] Board, years later, may properly discharge its obligation to "give great weight to" youth-related factors (§ 4801, subd. (c)) in determining whether the offender is "fit to rejoin society" . . . .' [Citation.]" (*In re Cook* (2019) 7 Cal.5th 439, 449-451 [regardless of case "'finality'" status].)

## DISCUSSION

Bolden asserts he is entitled to "a *Franklin* [proceeding] so that he may make a record of youth-related factors for the [parole b]oard's consideration when he is

---

[1] We do not discuss amendments to the sections that shifted the maximum eligibility age from 18 years old to the present 25 years old. (See, e.g., Stats.2015, ch. 471, §§ 1 & 2.)

eventually eligible for parole." (Italics added.) As noted, the Attorney General agrees with Bolden that youthful offenders who are statutorily ineligible for early parole consideration because of section 3051 should nevertheless be entitled, under section 4801, to a *Franklin* proceeding to preserve evidence for a future parole hearing. We review the issue de novo (*Ribakoff v. City of Long Beach* (2018) 27 Cal.App.5th 150, 163 [questions of applying statutory interpretation to undisputed facts]; *People v. Jefferson* (1999) 21 Cal.4th 86, 94 ["'The goal of statutory construction is to ascertain and effectuate the intent of the legislature'"]) and agree with the parties.

Section 3051, subdivision (h), states in relevant part that the "section shall not apply to cases in which sentencing occur[ed] pursuant to Section 1170.12, subdivisions (b) to (i), inclusive, of Section 667." Section 4801, subdivision (c), however states as follows: "When a prisoner committed his or her controlling offense, as defined in subdivision (a) of Section 3051, when he or she was 25 years of age or younger, the [Board of Parole Hearings], in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law."

In *Delgado*, this court held that even though the defendant was disqualified from a *Franklin* proceeding because of the Three Strikes Law and section 3051, subdivision (h), the defendant was nonetheless entitled, pursuant to section 4801, subdivision (c), to a proceeding where he could preserve evidence that would be relevant at a future parole hearing. (*Delgado, supra*, 78 Cal.App.5th at pp. 103-104; see *Franklin, supra*, 63 Cal.4th at p. 273 [discussing general minimum incarceration periods before parole eligibility].) Indeed, without this proceeding, there would be no mechanism to secure "a meaningful baseline of [defendant's] characteristics and circumstances so the parole board can someday judge the extent to which he has matured and rehabilitated himself while in custody." (*Delgado, supra*, 78 Cal.App.5th at p. 104.)

4

Here, Bolden committed his "controlling offense" when he was 23 years old. (§ 3051, subd. (a)(2)(B).) Accordingly, his offense satisfies Section 4801, subdivision (c)'s criteria and we hold the same as in *Delgado*: notwithstanding his sentence imposed by the Three Strikes law, the defendant is entitled "to a limited remand to make a record of youth-related factors for his future parole hearing." (*Delgado, supra*, 78 Cal.App.5th at p. 104.)

## DISPOSITION

The trial court's order denying appellant's request for a *Franklin* proceeding is reversed and the matter is remanded for such a proceeding.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.

5